United States District Court
Southern District of Texas
**ENTERED**
March 22, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRIAN LITTON, *et al*, | § | CIVIL ACTION NO |
| Plaintiffs, | § | 4:20-cv-02697 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| PREFERRED | § | |
| ENGINEERING LP and | § | |
| ANTHONY BRUCE | § | |
| CARROLL, | § | |
| Defendants. | § | |

**ORDER DENYING RECONSIDERATION**

The motion by Plaintiffs for reconsideration of their motion for summary judgment is denied. Dkt 61.

1. Background

In July 2020, Plaintiff Brian Litton filed this lawsuit, alleging claims against Defendants Preferred Engineering, LP, and Anthony Bruce Carroll for failure to pay overtime as required by the Fair Labor Standards Act and FLSA retaliation. Dkt 1. The parties stipulated in November 2020 to conditional certification of a collective action under the FLSA for a defined putative class. Dkt 10. Phillip Youngblood, Javier Requena, and Rodney Fisher filed consents to join the suit. See Dkts 14, 15 & 16.

Plaintiffs filed a motion for partial summary judgment in November 2021, seeking a ruling as a matter of law that Defendants are unable to prove all required elements of an exemption defense. Dkt 20. The motion was denied. Dkt 38. Defendants then filed a motion to stay the case in November 2022 pending what became the reported decision of the Supreme Court in *Helix Energy Solutions*

*Group, Inc v Hewitt*, 598 US 39, 50 (2023). Dkt 57. That motion was granted. Dkt 58. The stay was then lifted after the Supreme Court issued its ruling. See Dkt 59 (joint motion to lift stay).

Pending is a motion by Plaintiffs to reconsider the previous order denying their motion for partial summary judgment in light of the rulings in *Helix* and other decisions within the Fifth Circuit and the Southern District of Texas since the denial of Plaintiffs' motion. Dkt 61.

### 2. Legal standard

Rule 54(b) provides that "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." A district court in this context is permitted "to reconsider and reverse its decision for any reason it deems sufficient." *McClendon v United States*, 892 F3d 775, 781 (5th Cir 2018), citing *Austin v Kroger Texas LP*, 864 F3d 326, 336 (5th Cir 2017).

Though the standard for evaluating a motion to reconsider under Rule 54(b) is flexible, factors similar to those under the stricter standards for reconsideration of a final judgment under Rules 59 and 60 may still inform the court's analysis. *Fishman Jackson PLLC v Israely,* 180 F Supp 3d 476, 481 (ND Tex 2016). These factors include (i) intervening change in law, (ii) availability of previously unavailable new evidence, and (iii) a need to correct a clear legal error or to prevent manifest injustice. *United States v 89.9270303 Bitcoins,* 2021 WL 5203337, *1 (WD Tex) (citation omitted).

### 3. Analysis

The regulations at issue are 29 CFR §541.602(a) and 29 CFR §541.604(b). The former provides that an employee is paid on a "salary basis" if the employee "regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation," and the employee "must receive the full salary for any week in which the employee

performs any work without regard to the number of days or hours worked." The latter provides that an employer may base an employee's pay on an hourly, daily, or shift rate without losing the *bona fide* executive exemption so long as (i) a guarantee of the "minimum weekly required amount paid on a salary basis regardless of the number of hours, days or shifts worked," and (ii) "a reasonable relationship exists between the guaranteed amount and the amount actually earned" in a typical week.

Undisputed material facts regarding the structure of Defendants' payment plan established that Plaintiffs were "guaranteed a weekly salary based on a thirty-hour workweek." Dkts 17 at 8 & 20 at 5. Plaintiffs were then paid "additional compensation for hours worked over thirty in a workweek," with annual earnings ranging from $150,000 to over $280,000. Ibid. The question on summary judgment was whether such payment scheme should be classified as "payment on a salary basis" within the meaning of §602(a) or §604(b). Dkt 61.

Plaintiffs argued that this is a "salary 'plus extras' pay scheme," which consists of a base salary plus extra pay based on an hourly rate. Dkt 20 at 6–7. Under their theory, the payment for the "additional hours" that they received was actually part of the compensation for a normal, *forty*-hour workweek. Id at 8. And they argued that, because the salary produced by the payment scheme was partially based on an hourly rate, the payment scheme fell into the realm of §604(b), not §602(a), and was subject to the "reasonable relationship" test. Ibid.

The motion by Plaintiffs for summary judgment was denied upon a finding that disputes of material fact still existed as to whether Plaintiffs received a "salary" or were paid on an hourly basis. Dkt 55 at 27. Plaintiffs ask for reconsideration in light of the Supreme Court's recent decision in *Helix Energy Solutions Group, Inc v Hewitt*, 598 US 39, 50 (2023). Dkt 61 at 4–7.

The Supreme Court held in *Hewitt* that the language of §602(a) only applies to employees paid by the week or longer, while §604(b) applies to day-rate workers. 598 US

3

at 50. Defendants originally argued that §602(a) controls because Plaintiffs were paid a *weekly* rate. Dkt 21 at 8. Plaintiffs argue that *Hewitt* undermines contention that §602(a) applies. They interpret that decision to mean that a structure doling out a baseline weekly salary plus day-rate pay falls within the ambit of §604(b)—and since Plaintiffs received a baseline rate plus day-rate pay, §604(b) applies. Dkt 61 at 7.

The plain meaning of §602(a) continues to support Defendants' argument even after *Hewitt*, given that it states (with emphasis added) that the pre-determined weekly rate must constitute "all *or part* of the employee's compensation." And that is so here. Plaintiffs received a pre-determined amount, not subject to reduction, for every thirty-hour workweek. This is evidence that Plaintiffs were paid *by the week*. While they may have earned *additional* compensation for *additional* hours, the baseline rate was calculated by the weeks worked. Dkts 17 at 8 & 20 at 5. Said another way, even if Plaintiffs received additional hourly pay, they still received a weekly rate irrespective of the number of days or hours that they worked.

Plaintiffs also misapprehend in *Hewitt* the distinction between *rate* and *salary*. The Supreme Court stated that "an employee paid on an hourly basis is paid by the hour, an employee paid on a daily basis is paid by the day, and an employee paid on a weekly basis is paid by the week . . . ." *Hewitt,* 598 US at 53 (referencing §602(a)). Because Plaintiffs were paid on a weekly basis, the payment scheme could thus be found to fall under §602(a).

The Supreme Court in *Hewitt* also stated that "a worker may be paid on a salary basis under *either* §602(a) *or* §604(b)." 598 US at 49 (emphasis added). These two statutory subsections "offer *non-overlapping paths* to satisfy the salary-basis requirement, with §604(b) taking over where §602(a) leaves off." Id at 56 (emphasis added). The statute is thus binary, meaning that *either* §602(a) *or* §604(b) can control. And this means in turn that the "reasonable relation" test of §604(b) needn't be considered if the payment scheme satisfies §602(a). Dkt 62 at 7. If an

4

employee's wages are calculated using a weekly rate, regardless of additional payments, the requirements of §602(a) apply.

Plaintiffs argue that the salary scheme used by Defendants falls within §604(b) because it's a weekly salary *plus* a daily rate. Dkt 61 at 6–8. In doing so, they equate the weekly payment guarantee of §604(b) with the weekly-rate salary of §602(a). Ibid. But the fact that §604(b) uses the phrase "weekly salary" doesn't mean that it's the functional equivalent of §602(a)—the two routes are substantively distinct. *Hewitt,* 598 US at 49. Plaintiffs' argument is thus unavailing in this respect.

Plaintiffs rely on *Gentry v Hamilton-Ryker IT Solutions, LLC,* 2023 WL 4704115, *1 (5th Cir). Dkt 61 at 4. In a ruling of the Southern District of Texas that issued prior to *Hewitt*, the district court there concluded that "an employee receiving a guaranteed minimum salary plus an hourly wage *could* fall under [§604(b)]" because the wage was partially calculated by the hour. *Gentry v Hamilton-Ryker IT Solutions, LLC,* 2022 WL 658768, *5 (SD Tex), report and recommendation adopted, 2022 WL 889276 (SD Tex) (emphasis added). The Fifth Circuit affirmed in a *per curiam* opinion of less that a page after the Supreme Court decided *Hewitt*. Notably, the Fifth Circuit didn't cite the Supreme Court's decision in *Hewitt*, but rather, only its own *en banc* decision that the Supreme Court there reviewed. See 2023 WL 4704115, *1 n 3 (5th Cir). And even more notably, the Fifth Circuit has since withdrawn the opinion in *Gentry* for panel rehearing. 2024 WL 1065512; Dkt 74-1.

Plaintiffs suggest that *Gentry* means that the payment scheme should be considered under §604(b), not §602(a). That certainly can't be understood from where things stand in the prior paragraph. Regardless, the Fifth Circuit foreclosed this argument by stating, in an earlier opinion, that *Hewitt* doesn't disturb the conclusion that §604(b) "only applies to employees whose earnings are computed on an hourly, daily, or shift basis," and that §604(b) is inapplicable when the employee "was paid a guaranteed bi-

5

weekly salary." *Hebert v FMC Techs, Inc,* 2023 WL 4105427, *2 n 5 (5th Cir 2023), cert denied, 2024 WL 674843 (2024).

Plaintiffs cite another decision of the Southern District of Texas decided prior to *Hewitt*. In *Vaughn v Wingo Service Company, Inc*, the court determined an employee paid on an hourly basis did not receive a salary simply because he was guaranteed 40 hours of work per week. 2022 WL 4280665, at *3 (SD Tex), adopted *sub nom*, 2022 WL 4277299 (SD Tex). The decision isn't persuasive, and not simply because it predates *Hewitt*. It's also factually distinct, given that the parties expressly agreed that the employee was "paid on an hourly basis." Ibid.

Plaintiffs do cite one decision of the Southern District of Texas decided after *Hewitt*. In *Alvarez v NES Global LLC,* the employees' pay was "calculated by multiplying the day (or hourly) rate times the number of days (or hours) covered by the Retainer." 2023 WL 9111908 at *3 (SD Tex). It was also contended that the hours they worked during the Retainer period determined whether they received the guaranteed amount at all. Id at *4. In that context, the court found §604(b)—not §602(a)—to apply. Id at *7–8. Plaintiffs assert that the *Alvarez* pay plan is "functionally identical" to the one offered by Preferred Energy. Dkt 72 at 1. Not so. Unlike Alvarez, Plaintiffs were guaranteed a weekly rate for a 30-hour week whether they worked it or not, and so their pay wasn't determined according to the *exact* number of hours worked per week. See Dkts 17 at 8–9, 20 at 2 & 22 at 8.

6

4. Conclusion

The motion by Plaintiffs for reconsideration is DENIED. Dkt 61.

SO ORDERED.

Signed on March 22, 2024, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge